IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ALAN JOHNSTON and
JANET JOHNSTON,

          Plaintiffs,

v.                        CIVIL ACTION NO. 5:17-cv-03249

CITIFINANCIAL, INC., and
AMERICAN HEALTH AND LIFE
INSURANCE COMPANY,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss Complaint* (Document 7), the *Defendants' Memorandum of Law in Support of Motion to Dismiss Complaint* (Document 8), the *Complaint* (Document 1-2), and all attached exhibits. For the reasons stated herein, the Court finds that the motion should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiffs, Alan and Janet Johnston, initiated this suit in the Circuit Court of Wyoming County, West Virginia, with a complaint filed on April 28, 2017. They named the following Defendants: CitiFinancial, Inc. and American Health and Life Insurance Company (American Life). The Defendants removed to federal court on June 12, 2017, citing diversity jurisdiction.

American Life offered credit life insurance to CitiFinancial customers, in which a life insurance policy guaranteed loan payments in the event of the death of the insured. The Plaintiffs

entered into a loan agreement with CitiFinancial with credit life insurance coverage provided by American Life. The insurance premiums were built into the loan agreement. The sales material provided assurance that the credit life insurance could cover the loan and provide "protection for the term of your loan up to the maximum age." (Compl. at ¶ 6.) American Life ceased offering coverage during the life of the loan. The Plaintiffs assert that "[t]he opportunity to purchase credit life insurance coverage was an inducement to the remaining terms of the loan and indeed an inducement to contract with CitiFinancial, Inc., at all," and the cancellation of the insurance coverage constitutes a breach. (*Id.* at ¶ 8.) The Plaintiffs also allege that the Defendants violated "truth in lending by making promises and failing to disclose fully the terms of the credit life insurance policy that induced Plaintiffs to contract." (*Id.* at ¶ 11.) The Plaintiffs seek punitive and compensatory damages based on the alleged outrageous conduct, as well as attorney's fees and costs, extinguishment of the lien, forfeiture of the security interest in the property, and voiding of the promissory agreement for amounts owed under the contract.

The Defendants filed a motion to dismiss on July 3, 2017. The Plaintiffs did not file a response. As the response time has long expired, the motion is ripe for review.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ.

P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588

3

F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants identify claims for breach of contract, fraud, and violations of the Truth in Lending Act (TILA) in the Plaintiffs' complaint, and seek to dismiss each claim. They assert that the insurance policy language permitted American Health to cancel the policy with written notice provided thirty days in advance. American Health notified the Plaintiff that the credit life insurance policy would be cancelled effective April 30, 2015, in a letter dated January 5, 2015. (Att'd as Def.'s Ex. B, Document 7-2).[1] Thus, the Defendants assert that the breach of contract claim should fail because they complied with the terms of the policy. The Defendants further argue that the fraud claims were not pled with sufficient particularity, and the terms of the policy were clear. The Defendants argue that the facts alleged do not support a TILA claim. Finally, the Defendants assert that the statute of limitations has expired for TILA and fraud claims.[2]

---

1 The Defendants attached the insurance application, signed on May 1, 2007, as well as the letter notifying the Plaintiffs of the cancellation of the insurance. The Court finds that these documents are integral to and relied upon in the complaint, and their authenticity has not been challenged. Therefore, the Court will consider the exhibits in evaluating the motion to dismiss.
2 Because the Court finds that the claims should be dismissed for failure to state a claim, the Court has not addressed the statute of limitations issue.

### A. Breach of Contract

In West Virginia, courts "accord the language of an insurance policy its common and customary meaning." *Boggs v. Camden-Clark Mem'l Hosp. Corp.*, 693 S.E.2d 53, 57-58 (2010). If, after giving the language its customary meaning, the provisions in an insurance policy "are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed." Syl. pt. 1, *Kelly v. Painter*, 504 S.E.2d 171, 172 (1998). Courts are to determine whether a contract is ambiguous as a question of law. Syl. pt. 4, *Blake v. State Farm Mut. Auto. Ins. Co.*, 685 S.E.2d 895, 897 (2009) (noting that "[t]he mere fact that parties do not agree to the construction of a contract does not render it ambiguous"). Courts must give full effect to the plain meaning of clear and unambiguous insurance policy contract provisions. *Id.*, Syl. pt. 2. If, however, a provision is ambiguous, courts are to construe it "against the drafter, especially when dealing with exceptions and words of limitation." *Boggs*, 693 S.E.2d at 58 (internal quotation marks and citations omitted).

Here, the policy includes a clear term permitting the company (American Health) to "cancel this Certificate by giving the Debtor(s) written notice 30 days prior to the effective date of cancellation." (Ins. Application at 5, att'd as Def.s' Ex. A, Document 7-1.) The Plaintiffs' allegations that American Health cancelled the insurance without cause do not support a claim for breach of contract. Therefore, the motion to dismiss should be granted with respect to the claim for breach of contract.

### B. Fraud

A fraud claim in West Virginia generally requires proof of the following elements: "(1) the act claimed to be fraudulent was the act of the defendant or induced by him; (2) it was material

5

and false; (3) plaintiff relied upon it and was justified under the circumstances in relying upon it; and (4) plaintiff was damaged because he relied upon it." *Bluestone Coal Corp. v. CNX Land Res., Inc.*, No. CIV.A. 1:07-00549, 2007 WL 6641647, at *3 (S.D.W. Va. Nov. 16, 2007) (citing *Cordial v. Ernst & Young,* 483 S.E.2d 248, 259 (W.Va.1996)) (Faber, J.). Fraud may be premised upon the willful non-disclosure of material information. *Kessel v. Leavitt*, 511 S.E.2d 720, 752 (W. Va. 1998). Under certain circumstances, West Virginia recognizes a fraud claim premised on a "fraudulent promise" wherein the claim is "predicated upon the failure to perform a promise where the promise is the device used to accomplish the fraud." *Traders Bank v. Dils*, 704 S.E.2d 691, 695 (W. Va. 2010) (internal punctuation and citation omitted). However, it must be "shown that no intention to keep the promise existed at the time the promise was made." *Bluestone Coal Corp.*, 2007 WL 6641647, at *5.

In addition, allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b). The Fourth Circuit has specified that the pleadings must include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013) (quoting *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999)). Courts "should hesitate to dismiss a complaint under Rule 9(b) if [they] are satisfied (1) that the defendant has been made aware of the particular circumstances for which it will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id*. (internal punctuation omitted).

Here, the Plaintiffs allege that "CitiFinancial, Inc.'s insurance sales materials made specific statements concerning policy of insurance, including the following: 'Credit life insurance can pay

6

or reduce the balance of your loan in the event of your death…your family can have one less worry in the event of your death…Take comfort in knowing that the life benefit can cover your loan…Have protection for the term of your loan up to the maximum age.'" (Compl. at ¶ 6.) The Plaintiffs allege that those sales materials provided "the representation that [the insurance] would remain in effect for the life of the loan." (*Id.*) The Court finds that those allegations do not state a claim for fraud. The quoted sales materials do not address the question of whether and under what conditions the insurance could be cancelled, and the application signed prior to entering into the loan and insurance agreement did contain disclosure of the cancellation policy. The Plaintiffs have not pled the circumstances of any promise that the insurance would remain in effect for the life of the loan with the particularity required by Rule 9(b). Therefore, the motion to dismiss should be granted as to any fraud claim.

### C. TILA

TILA was enacted to "assure a meaningful disclosure of credit terms." 15 U.S.C. § 1601. It requires disclosure of financing charges and certain loan terms. Section 1605(b) requires charges or premiums associated with credit life insurance to be included in the disclosed finance charges, or for the costs of such insurance to be separately disclosed where the insurance is optional. There are no allegations in the complaint asserting failure to disclose the applicable charges for the credit life insurance, and the application clearly discloses those charges. No other allegations appear to state a claim for a TILA violation. Therefore, the Court finds that the motion to dismiss must be granted as to any claim pursuant to TILA.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss Complaint* (Document 7) be **GRANTED** and that the Plaintiffs' *Complaint* (Document 1-2) be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 5, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA